## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COMMSCOPE, INC. OF NORTH CAROLINA, | ) ) ) |
| Plaintiff, | ) C.A. No. ) ) |
| v. | ) **JURY TRIAL DEMANDED** ) |
| BELDEN INC. and PPC BROADBAND, INC. | ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

Plaintiff CommScope, Inc. of North Carolina ("CommScope") files this action for patent infringement against Defendants Belden Inc. and PPC Broadband, Inc ("PPC"). CommScope states and alleges as follows:

### The Parties

1.  CommScope is a North Carolina company, headquartered in Claremont, NC. Together with its affiliated companies, CommScope designs, manufactures, and sells telecommunications products and equipment around the world. CommScope's innovative products are used to build network infrastructures that enable wired and wireless communications. For example, CommScope's products can be found in large buildings, venues and outdoor spaces; in data centers and buildings of all shapes, sizes and complexity; at wireless cell sites; in telecom central offices and cable headends; and in FTTx deployments. CommScope protects its investment in research and development of innovative high-density fiber optic products by filing and obtaining patents on its innovations, including the patent-in-suit.

2. Upon information and belief, Defendant Belden Inc. is a corporation organized and existing under the laws of the State of Delaware. Upon information and belief, Defendant Belden Inc. has its principal place of business in St. Louis, Missouri.

3. Upon information and belief, Defendant PPC is a corporation organized and existing under the laws of the State of Delaware. Upon information and belief, Defendant PPC has its principal place of business in East Syracuse, New York.

4. Belden acquired PPC in approximately 2012.

5. Upon information and belief, Defendant PPC is a subsidiary of Defendant Belden. Upon information and belief, Defendant Belden, directly or indirectly, owns 100% of Defendant PPC. "PPC" is Belden brand. See https://www.ppc-online.com/.

6. Upon information and belief, Defendant Belden dominates and controls the activities of PPC. As alleged above, Belden owns PPC. Further, Belden treats "PPC" as a Belden brand. https://www.ppc-online.com/ppc-story ("Belden's PPC brand..."). PPC's website is dual branded with Belden such as by using the following graphics:



See, e.g., https://www.ppc-online.com/. Further, there is an overlap between the officers/directors of Belden and PPC. Further, upon information and belief, Belden and PPC operate as a single economic entity. See, e.g., https://www.belden.com/About/our-history ("Belden acquires Opterna, an international fiber optics solutions business that is managed alongside PPC Broadband."); Belden's 2014 Annual Report at 61 ("The results of PPC have been included in our

Consolidated Financial Statements…"). PPC's website both direct to the same "Terms and Conditions" involving Belden that state: "Belden Inc., a Delaware corporation, is the worldwide parent company and is the predominant selling entity for Belden sales made in the United States." See, e.g., https://www.ppc-online.com/terms. PPC's website lists a Belden contact. See https://www.ppc-online.com/locations/north-america (listing: "Email: bbs.cs@belden.com"). Therefore, Defendant Belden Inc. is liable for the accused activities of Defendant PPC.

7. As used below, this complaint refers to Defendants, collectively, as "Belden."

## Jurisdiction

8. This action arises under the Patent Act, 35 U.S.C. § 271 et seq.

9. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

10. This Court has personal jurisdiction over each Defendant. Upon information and belief, each Defendant is incorporated in Delaware.

11. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b).

## Patent-in-Suit

12. This is an action for patent infringement of U.S. Patent No. 9,266,697 ('697 patent).

13. CommScope is the owner of the entire right, title, and interest in and to the '697 patent, which duly and legally issued on Feb. 23, 2016. The '697 patent is entitled "Communications Cable Payout Bags." A copy of the '675 patent is attached as Exhibit A.

## Belden's Infringing Products

14. Belden has committed acts of patent infringement by making, using, selling, offering for sale, and/or importing into the United States cable payout bags, including for example the Perfect Tote Soft Cable Bag and Miniflex Fiber Cable Bag and related components.

15. Exhibit B is a true and correct copy of a datasheet for the Perfect Tote Soft Cable Bag available at https://www.ppc-online.com/product-search/perfecttote-13535-01.

16. Exhibit C is a true and correct copy of an install guide for the Perfect Tote Soft Cable Bag available at https://www.ppc-online.com/product-search/perfecttote-13535-01.

17. Exhibit D is a true and correct copy of a datasheet for the Miniflex Fiber Bag available at https://www.ppc-online.com/product-search/miniflex-fiber-bag.

18. Exhibit E is a true and correct copy of a install guide for the Miniflex Fiber Bag available at https://www.ppc-online.com/product-search/miniflex-fiber-bag.

### Knowledge of the Patent-in-Suit

19. Upon information and belief, Belden had knowledge of the '697 patent before the filing of this complaint.

### First Cause of Action
### (Patent Infringement Under 35 U.S.C. §271 of United States Patent No. 9,266,697

20. CommScope incorporates by reference each of the paragraphs above as if fully stated herein.

21. Belden has directly infringed and continues to directly infringe one or more claims of the '697 Patent, including for example Claim 10, within the meaning of 35 U.S.C. § 271(a) either literally or under the doctrine of equivalents, by making, using, selling, offering for sale, and/or importing cable payout bags, including for example the Perfect Tote Soft Cable Bag and Miniflex Fiber Cable Bag and related components, in the United States, without license or authorization by CommScope.

22. For example, as set forth below, the Perfect Tote Soft Cable Bag satisfies each and every limitation of claim 10.

23. Belden does not have a license to the '697 patent.

24. Claim 10 of the '697 patent is recited in second column (right side) of the table below. For ease of reference, element designations are provided in the first column (left side) of the table below.

| Element Designation | Claim 19 of '675 patent |
|---|---|
| Preamble | 10. A communications cable payout bag, comprising: |
| 10A | a main compartment constructed of a flexible material, the main compartment having an interior and an exterior, the main compartment being openable and closable; |
| 10B | a removable insert within the interior of the main compartment; |
| 10C | a reel of communications cable that is supported by the removable insert, the reel of communications cable having a loose end of cable at an outer portion thereof; |
| 10D | a shoulder strap attached to the exterior of the main compartment; |
| 10E | a cable payout passageway defined between the interior and the exterior of the main compartment, the cable payout passageway configured to receive therethrough the loose end of cable from the outer portion of the reel of communications cable; and |
| 10F | a closure mechanism configured to close the main compartment to thereby close the removable insert and the reel of communications cable in the interior of the main compartment; |
| 10G | wherein the main compartment has a substantially rectangular profile when the removable insert and the reel of communications cable are closed in the interior thereof. |

25. The Perfect Tote Soft Cable Bag satisfies the preamble of claim 10.

26. The Perfect Tote Soft Cable Bag is a communication cable payout bag. The data sheet, for example, describes it as a "cable bag" with an "opening for smooth cable payout." Ex. B.

27. The Perfect Tote Soft Cable Bag satisfies Element 10A of claim 10.

28. The Perfect Tote Soft Cable Bag has a main compartment constructed of a flexible material, the main compartment having an interior and an exterior, the main compartment being openable and closable.

RLF1 30783594v.1



"NexReel™ & Perfect Tote™ Install Video" at https://www.ppc-online.com/product-search/perfecttote-13535-01.[1]

29. The Perfect Tote Soft Cable Bag satisfies Element 10B of claim 10.

30. The Perfect Tote Soft Cable Bag has a removable insert within the interior of the main compartment.

---

[1] All annotations throughout are merely for general demonstrative purposes and are not limiting or a statement about claim construction.

RLF1 30783594v.1



"NexReel™ & Perfect Tote™ Install Video" at https://www.ppc-online.com/product-search/perfecttote-13535-01.

31. The Perfect Tote Soft Cable Bag satisfies Element 10C of claim 10.

32. The Perfect Tote Soft Cable Bag has a reel of communications cable that is supported by the removable insert, the reel of communications cable having a loose end of cable at an outer portion thereof.



7

"NexReel™ & Perfect Tote™ Install Video" at https://www.ppc-online.com/product-search/perfecttote-13535-01.

33. The Perfect Tote Soft Cable Bag satisfies Element 10D of claim 10.

34. The Perfect Tote Soft Cable Bag has a shoulder strap attached to the exterior of the main compartment.



"NexReel™ & Perfect Tote™ Install Video" at https://www.ppc-online.com/product-search/perfecttote-13535-01.

35. The Perfect Tote Soft Cable Bag satisfies Element 10E of claim 10.

36. The Perfect Tote Soft Cable Bag has a cable payout passageway defined between the interior and the exterior of the main compartment, the cable payout passageway configured to receive therethrough the loose end of cable from the outer portion of the reel of communications cable.



"NexReel™ & Perfect Tote™ Install Video" at https://www.ppc-online.com/product-search/perfecttote-13535-01.

37. The Perfect Tote Soft Cable Bag satisfies Element 10F of claim 10.

38. The Perfect Tote Soft Cable Bag has a closure mechanism configured to close the main compartment to thereby close the removable insert and the reel of communications cable in the interior of the main compartment.

RLF1 30783594v.1



"NexReel™ & Perfect Tote™ Install Video" at https://www.ppc-online.com/product-search/perfecttote-13535-01.

39. The Perfect Tote Soft Cable Bag satisfies Element 10G of claim 10.

40. The Perfect Tote Soft Cable Bag has wherein the main compartment has a substantially rectangular profile when the removable insert and the reel of communications cable are closed in the interior thereof.

RLF1 30783594v.1



"NexReel™ & Perfect Tote™ Install Video" at https://www.ppc-online.com/product-search/perfecttote-13535-01.

41. Belden also indirectly infringes claims of the '697 patent, including for example claim 10. Users of the Belden's communication cable payout bag directly infringe at least some claims of the '697 patent, including for example claim 10. Upon information and belief, Belden knows its products are especially made or especially adapted for use in an infringing manner. Belden actively induces infringement because it directly encourages its customers to use its cable payout bags in a way that results in infringement of the '675 patent by, among other things, displaying and distributing product materials and videos and selling the matching cable reels. See, e.g., Ex. B-D and "NexReel™ & Perfect Tote™ Install Video" at https://www.ppc-online.com/product-search/perfecttote-13535-01. Belden also contributes to infringement because its cable payout bags and the relevant features are not staple articles of commerce suitable for

RLF1 30783594v.1

substantial non-infringing uses. Belden's products are a material part of the invention of the '697 patent.

42. CommScope has satisfied the notice and/or marking provisions of 35 U.S.C. § 287.

43. Belden's infringement has caused CommScope irreparable harm and damages in an amount to be proven at trial.

44. Upon information and belief, Belden's unlawful infringing activity was and is willful, deliberate, and intentional, entitling CommScope to recover, among other things, enhanced damages, attorney's fees, and costs.

## **Prayer for Relief**

CommScope respectfully requests the following relief:

A. A judgment that Defendants have infringed the patent-in-suit;

B. An injunction enjoining and restraining Defendants, their officers, directors, agents, servants, employees, attorneys and all persons in active concert or participation with them from infringing the patent-in-suit.

C. A judgment and order requiring Defendants to pay all appropriate damages under 35 U.S.C. § 284, including prejudgment and post-judgment interest, and including increased damages for its willful infringement;

D. A judgment and order requiring Defendants to pay all costs of this action, including all disbursements and attorney fees, if this case is found to be exceptional as provided by 35 U.S.C. § 285; and

E. Such other and further relief that this Court may deem just and equitable.

**Demand for a Jury Trial**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, CommScope demands a trial by jury of all issues so triable.

| | |
|---|---|
| | /s/ Kelly E. Farnan |
| OF COUNSEL: | Kelly E. Farnan (#4395) |
| Philip P. Caspers | Sara M. Metzler (#6509) |
| Samuel A. Hamer | Richards Layton & Finger, P.A. |
| William F. Bullard | One Rodney Square |
| CARLSON, CASPERS, VANDENBURGH | 920 North King Street |
| & LINDQUIST, P.A. | Wilmington, DE 19801 |
| 225 South Sixth Street, Suite 4200 | (302) 651-7700 |
| Minneapolis, Minnesota 55402 | farnan@rlf.com |
| (612) 436-9600 | metzler@rlf.com |
| PCaspers@carlsoncaspers.com | |
| SHamer@carlsoncaspers.com | *Attorneys for Plaintiff CommScope, Inc. of* |
| WBullard@carlsoncaspers.com | *North Carolina* |

Dated: April 4, 2024